## MILLER *vs.* SILSBY & al.

Evidence received from the committee who laid out a highway, of the location of monuments on the same, is admissible, though such monuments vary from the points and distances named in the record of the laying out.

In laying out highways, monuments must govern, rather than courses and distances, in the same manner as, in conveyances of land, by metes and bounds.

This was *trespass quare clausum.* The defendants plead not guilty.

It appeared in evidence that the breaking and entering complained of, was done by the defendants and their agents in the construction of a road made through the plaintiff's land; and the plaintiff contended that the road as made was not within any route for a road, as laid out. It was in evidence, that the road as made commenced " at a stake 17 *rods south* of a certain maple tree; thence ran N. 68° E. nine rods; thence N. 71¾° E. 37 rods; thence S. 78° E. 9 rods," &c. in certain other points and distances through the plaintiff's land, and was made by the defendants as selectmen of the town of Charlestown.

The defendants introduced, to justify the making of said road, the record of the road duly laid out, agreeably to the report of a court's committee, commencing at a stake about 11½ *rods south* of a maple tree ; thence running as aforesaid on the points and distances named, through the plaintiff's land ; and it was contended by the defendants that there was a mistake in the record of the laying out of the road, as to the point at which the same commenced ; and that it should have been recorded as commencing 17 *rods south of the maple tree*, instead of 11½ *rods*.

To prove the laying out as commencing from that point, the defendants introduced the testimony of Thomas C. Drew, who was one of the committee to lay out said road. He testified that the committee found considerable difficulty in selecting a route through the plaintiff's land ; that they looked out one route terminating at the 11½ rods, where a stake was stuck up ; that they also examined other routes, and finally laid out the road, and staked it out, commencing from the point 17 rods south of the maple tree, where a stake was stuck up, and thence running on the courses and distances aforesaid.

It was contended, on the part of the plaintiff, that this evidence was inadmissible, as it went to vary the record ; but it was admitted, subject to the exception. A verdict was taken for the defendants, subject to be set aside and a verdict entered for the plaintiff, in such sum in damages as the court might direct.

*Handerson*, for the plaintiff.

*Gilchrist*, for the defendants, contended that the evidence received on trial was admissible ; and cited, as authorities that monuments must govern, rather than points and distances, as to the laying out of the highway, 2 *Mass.* 380, *Howe & al.* vs. *Bass ;* 5 *do.* 494, *Aiken* vs. *Sanford ;* 6 *do.* 131, *Pernam* vs. *Wead ;* 11 *do.* 193, *Gerrish* vs. *Bearce &*

Miller<br><i>vs.</i><br>Silsby & al.

al. ; 12 *do.* 269, *Makepeace* vs. *Bancroft ;* 17 *do.* 207, *Davis* vs. *Rainsford ;* 2 *N. H. R.* 197, *Lerned* vs. *Morrill ; do.* 303, *Smith* vs. *Dodge.*

UPHAM, J.   It is contended, that the testimony of Thomas C. Drew in this case is inadmissible, as it contradicts the record of the laying out of the highway.   His testimony was offered to show the location of the monuments on the line of the highway, at the time it was laid out.   The record refers to these monuments, giving the courses from one to the other, and the distances between them.   These monuments can be shown in no other manner than by testimony, and such testimony does not contradict the record.

The highway was laid out "commencing at a stake about *eleven and a half rods* from a certain maple tree."   It appears that a stake was set up at this point ; but it also appears that it was placed there for a merely temporary purpose, not ultimately having any thing to do with the laying out of the road, and was, therefore, no monument.

The highway was to run on given points and distances from the *terminus* above named to stakes and stones along the route ; and the testimony is, that stakes and stones were set up, as monuments, corresponding with the laying out, through the whole line of the road.

These monuments all refer back to, and designate a monument, as the starting point of the road, *seventeen rods* south of the maple tree ; and this monument is shown conclusively to have been established by the committee.   The question then arises, Is there any fatal variance betwixt this line of monuments and the record of laying out of the road ? We think there is not.

By rectifying the distance from the maple tree to the first monument, the record of the laying of the road conforms precisely to the remaining courses, distances and monuments, through the entire extent of the road.   There is, then, clearly a mistake in the first distance given ; but the

monument set up is known and established, and must govern as to the location of the road, rather than the distance.

Though great accuracy should be required in laying out a highway, still the same rules are applicable to it that apply to metes and bounds in conveyances of land. There can be no mistake in the monuments actually set up: there always will be more or less error in courses and distances.

The variance here is very considerable, in proportion to the whole distance given; but the principle contended for is applicable. The road was constructed as laid. The evidence offered does not contradict the record, and there must be *Judgment upon the verdict for the defendants.*